U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

JAN 28 2008

LAWRENCE K. BAERMAN, Clerk
UTICA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARMANE SMITH; and LILLY SCHMIDT,

                              Plaintiffs,

  - vs -

                              9:08-CV-0055
                              (DNH/GHL)

ELIOT SPITZER, Governor; ANDREW M.
CUOMO, Attorney General; MICHAEL
BLOOMBERG, Mayor; GREG ABBOTT,
Attorney General, Texas; RHONDA PARKER,
Generalist; GINA MARTIN, Generalist Clerk;
DAWN SHULIN, Generalist; KAREN
WHITTINGTON, Case Manager; TIFFANY
BRYAN, Clerk; and CHARLES R. FULBRUGE,
III, Chief Clerk, U.S. Court of Appeals - 5th Circuit,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:

CHARMANE SMITH
Plaintiff, *Pro Se*
1509 Mink Street
Memphis, TN 38111

LILLY SCHMIDT, 31487-054
Plaintiff, *Pro Se*
Carswell Federal Medical Center
Fort Worth, TX 76127

DAVID N. HURD
United States District Judge

## DECISION and ORDER

A motion for a preliminary injunction pursuant to Fed. R. Civ. P. 65, has been filed by *pro se* plaintiffs Charmane Smith and Lilly Schmidt ("plaintiffs"), together with an application to proceed *in forma pauperis*, filed by Charmane Smith in this prisoner civil rights action.

(Dkt. Nos. 1, 2.)  For the reasons set forth below, the Court denies plaintiff Smith's application to proceed *in forma pauperis*. Further, the Court dismisses the action *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A, and Fed. R. Civ. P. 12(h)(3). In addition, pursuant to 28 U.S.C. § 1651(a) and Fed. R. Civ. P. 11, the plaintiffs are barred (either individually or together) from filing another action in this Court without either (1) obtaining representation by counsel prior to filing; or (2) requesting, and obtaining, an Order of a judicial officer of this Court approving (in advance) such a filing. Finally, for purposes of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a), the Court certifies in writing, that any appeal taken from the final judgment in this action would not be taken in good faith.

## I. BACKGROUND

Generally, in this action, plaintiff Schmidt (who is incarcerated in the Carswell Federal Medical Center in Fort Worth, Texas), and plaintiff Smith (who is not incarcerated), allege that between 1993 and the present, ten government employees violated the Eighth and Fourteenth Amendments by: (1) negligently charging plaintiff Schmidt with manslaughter; (2) negligently investigating and negligently charging plaintiff Schmidt with the offense of attempted escape from Riker's Island Jail; (3) improperly charging plaintiff Schmidt $455 as a court filing fee; and (4) improperly causing plaintiff Smith to incur $455 in expenses in assisting plaintiff Schmidt with her legal defense. (*See generally* Dkt. No. 1.) As a remedy for these violations, plaintiffs seek: (1) an injunction ordering the immediate release of plaintiff Schmidt from custody; (2) the vacation of all of plaintiff Schmidt's criminal convictions; (3) the dismissal of all criminal charges against plaintiff Schmidt with prejudice; (4) the payment of $455 restitution to plaintiff Schmidt; and (5) the payment of $910 restitution to plaintiff Smith. (*Id.*)

Not surprising (given the nature of the allegations in this action), plaintiff Schmidt has repeatedly been found to be an abusive and malicious litigant by federal courts. See, e.g., Schmidt v. Van Buren, 04-CV-0265, Order of Dismissal at 1 (N.D. Tex. filed Apr. 27, 2004) (Means, J.) ("[Plaintiff] has a long history of filing frivolous lawsuits in this and other districts . . . ."); Schmidt v. Caunoghton, 00-CV-1569, Order of Dismissal at 2 (N.D. Tex. filed Oct. 24, 2000) (Means, J.) ("[Plaintiff] concealed from the clerk of Court that she has had numerous previous cases dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted. . . . [As of April of 1994], Schmidt had ten . . . cases that had been dismissed as frivolous or malicious under 27 U.S.C. § 1915(d)."); Schmidt v. Gant, 94-CV-3008, Order of Dismissal at 2 (S.D.N.Y. Apr. 25, 1994) (Griesa, C.J.) ("[T]he Court notes that plaintiff has failed to heed this Court's warnings concerning the filing of non-meritorious cases.") [citing ten cases filed by plaintiff that were dismissed sua sponte as frivolous or malicious under 28 U.S.C. § 1915[d]), and citing three more cases filed by plaintiff that were then pending].

What is surprising is the sheer magnitude of plaintiff Schmidt's litigiousness. From the Court's review of the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service, plaintiff Schmidt (whose name has been docketed by Courts as both "Lily" and "Lilly") has filed some 54 other federal court actions in some seven other federal district courts, including the Southern District of New York, the Eastern District of New York, the District of Connecticut, the District of New Jersey, the Northern District of Florida, the Middle District of Florida, and the Northern District of Texas. See generally Federal Judiciary's PACER Service (last visited on Jan. 16, 2008). This is her first filing in the Northern District of New York.

Plaintiff Schmidt's litigiousness is surpassed only by that of plaintiff Smith, who has filed some 78 other federal court actions in some eight federal courts, including the Eastern District of New York, the Northern District of Texas, the Northern District of Georgia, the Middle District of Georgia, the Western District of Tennessee, the Northern District of Illinois, the District of Columbia, and the U.S. Court of Federal Claims. *See generally* Federal Judiciary's PACER Service (last visited on Jan. 16, 2008). This is also her first filing in the Northern District of New York.

By any rational construction of the claims in this action, and plaintiffs' litigation history, these two litigants (each of whom has repeatedly been admonished and sanctioned by federal courts) have teamed up simply so that plaintiff Smith (who has acquired "three strikes" for purposes of 28 U.S.C. § 1915 but is not restricted by that statute since she is no longer incarcerated) can help plaintiff Schmidt (who has also acquired "three strikes" and who is restricted by 28 U.S.C. § 1915 since she is still incarcerated) may file this action *in forma pauperis*. (Plaintiff Smith's only claim in this action is a specious and abusive claim for "restitution" of $910 to compensate plaintiff Smith for unidentified expenses she incurred "to assist [Plaintiff' Schmidt's defense" due to the "[p]ompous impudence of the [Defendant] Clerks.") Moreover, plaintiffs have cast their claims as civil rights claims because plaintiff Smith has long since exhausted her habeas corpus claims. Finally, plaintiffs have chosen to file this action in this Court, in an egregious example of forum-shopping, simply because there are restrictions governing any suits filed by them in numerous other district courts,

including the Northern District of Texas and the Southern District of New York.[1] (No events appear to have occurred in this District, and no viable parties are residents of this District.)

## II. DISMISSAL OF ACTION

After carefully reviewing plaintiffs' motion for a preliminary injunction pursuant to Fed. R. Civ. P. 65, the Court finds that this action is not sufficient to survive the Court's initial screening process pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The problems with plaintiffs' allegations are so numerous that they defy a concise description. In the interest of brevity, the Court will focus only on six problems with plaintiffs' action.

First, plaintiffs' allegations effectively assert one or more habeas corpus claims, not a civil rights claim. Moreover, plaintiff Schmidt has already brought (and lost) at least a dozen habeas corpus actions arising out of her convictions, and thus her claims herein are barred by res judicata and/or collateral estoppel. See, e,g., *Schmidt v. Napoleon*, 93-CV-7946 (S.D.N.Y.) (habeas corpus action); *Schmidt v. Napoleon*, 93-CV-7947 (S.D.N.Y.) (habeas corpus action); *Schmidt v. United States*, 94-CV-1226 (S.D.N.Y.) (habeas corpus action); *Schmidt v. United States*, 95-CV-4084 (S.D.N.Y.) (habeas corpus action); *Schmidt v. United States*, 95-CV-4085 (S.D.N.Y.) (habeas corpus action); *Schmidt v. United States*, 98-CV-4445 (S.D.N.Y.) (habeas corpus action); *Schmidt v. Mallisham*, 01-CV-1014 (N.D. Tex.) (habeas corpus action); *Schmidt v. Van Buren*, 04-CV-0265 (N.D. Tex.) (habeas corpus action); *Schmidt v. Van Buren*, 04-CV-4135 (S.D.N.Y.) (habeas corpus action); *Schmidt v. United States*, 06-CV-0564 (S.D.N.Y.) (habeas corpus action); *Schmidt v. Van Buren*, 06-CV-

---

[1] See generally Federal Judiciary's PACER Service (last visited on Jan. 16, 2008); see also *Schmidt v. Van Buren*, No. 06-11279, 243 Fed. App'x 803, 804 (5th Cir. June 13, 2007) (noting that Schmidt does not dispute that she was sanctioned [through preclusion orders] by the United States District Court for the Northern District of Texas or the United States District Court for the Southern District of New York").

1829 (N.D. Tex.) (habeas corpus action); *Schmidt v. United States*, 06-CV-9897 (S.D.N.Y.) (habeas corpus action). Even if plaintiffs' allegations do, in fact, assert some sort of a civil rights claim for damages arising out of plaintiff Schmidt's wrongful convictions, no reason exists to believe that those convictions have yet been invalidated; thus, those claims are prohibited by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Second, plaintiffs' factual allegations, at best, assert a claim for negligence, which is not actionable under 42 U.S.C. § 1983. (*See, e.g.*, Dkt. No. 1, ¶¶ 2, 3 [alleging that defendants were "negligent"].) *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 835 (1994) ("[D]eliberate indifference [for purposes of an Eighth Amendment claim] describes a state of mind more blameworthy than negligence."); *Daniels v. Williams*, 474 U.S. 327, 331-33 (1986) (stating that "injuries inflicted by governmental negligence are not addressed by the United States Constitution" and rejecting § 1983 claim based on alleged due process violation under Fourteenth Amendment); *Hudson v. Palmer*, 486 U.S. 517, 531 (1984) ("[T]he Due Process Clause of the Fourteenth Amendment is not violated when a state employee negligently deprives an individual of property . . . ."); *Riddick v. Modeny*, No. 07-1645, 2007 WL 2980186, at *2 (3d Cir. Oct. 9, 2007) ("The protections afforded prisoners by the Due Process Clause of the Fourteenth Amendment are not triggered by the mere negligence of prison officials.").

Third, plaintiff Smith does not have standing to assert a claim for a constitutional violation experienced by plaintiff Schmidt, which is the crux of this action. Nor is plaintiff Smith, as a non-attorney, permitted to represent plaintiff Schmidt in any way in federal court. Nor does plaintiff Smith allege any facts plausibly suggesting that she herself experienced a wrong rising to the level of a constitutional violation. For example, her claim for a loss of

$455 in "expenses accrued [sic] from my efforts to assist Movant's SCHMIDT's defense" is not actionable under any legal theory which the Court can conceive. Consequently, plaintiff Smith's claims should be dismissed.

Fourth, with regard to plaintiff Schmidt's claims, her allegations fail to allege facts plausibly suggesting personal involvement by these defendants (most of whom are supervisory officials) in any of the constitutional violations alleged. Indeed, the sole mention of any individual defendant in the body of plaintiffs' motion occurs in Paragraph 6. (The Court notes that plaintiffs fail to allege facts plausibly suggesting where, when, how, or why the "illegal demand" for $455 occurred.) Personal involvement is, of course, a pre-requisite to liability under 42 U.S.C. § 1983. As a result, in the alternative, plaintiff Schmidt's claims should be dismissed.

Fifth, most or all of the defendants are clearly protected by qualified (if not absolute) immunity.

Sixth, it does not appear that jurisdiction lies in the Northern District of New York. Neither of the two plaintiffs reside here. None of the defendants reside here, except defendants Spitzer and Cuomo, who clearly were not personally involved in the violations alleged. Furthermore, none of the events apparently occurred here. Riker's Island Correctional Facility is located in East Elmhurst, New York, which is located in the Eastern District of New York.

Finally, the Court acknowledges that when a *pro se* plaintiff has failed to state a claim in a prisoner civil rights case, a district should not dismiss the complaint without first affording

the plaintiff an opportunity to amend.[2]  However, an opportunity to amend should be denied where, as here, "the problem with [plaintiff's] causes of action is substantive" such that "[b]etter pleading will not cure it."[3]  Simply stated, any amendment of the allegations in this action would clearly be futile given the issues of res judicata, standing, immunity, and jurisdiction that plague plaintiffs' claims.

For each of these alternative reasons, the Court finds that this action should be dismissed with prejudice as frivolous and malicious pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and Fed. R. Civ. P. 12(h)(3).

### III. DENIAL OF MOTION TO PROCEED *IN FORMA PAUPERIS*

Because the Court has found that plaintiffs' action is frivolous and malicious, the Court denies plaintiff Smith's application to proceed *in forma pauperis* as moot and/or without merit. In the alternative, the Court denies the application as without merit on the ground that plaintiff Smith has not shown that plaintiff *Schmidt*, her co-plaintiff and the real party in interest in this action, is without the funds necessary to pay the Court's filing fee.

---

[2] For the sake of brevity, the Court will merely gloss over the fact that the without-leave-to-amend rule is largely based on the special solicitude that should normally be afforded to *pro se* civil rights litigants due to their inexperience, and the fact that, here, no need exists to afford plaintiffs such special solicitude since they are so experienced, having filed some 132 federal cases between them. See *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) (declining to extend special solicitude to experienced *pro se* civil rights litigant); see also *Johnson v. Eggersdorf*, 8 F. App'x 140, 143 (2d Cir. 2001) (unpublished opinion), aff'g, 97-CV-0938, Decision and Order (N.D.N.Y. filed May 28, 1999) (Kahn, J.), adopting, Report-Recommendation, at 1, n.1 (N.D.N.Y. filed Apr. 28, 1999) (Smith, M.J.); *Johnson v. C. Gummerson*, 201 F.3d 431, at *2 (2d Cir. 1999) (unpublished opinion), aff'g, 97-CV-1727, Decision and Order (N.D.N.Y. filed June 11, 1999) (McAvoy, J.), adopting, Report-Recommendation (N.D.N.Y. filed April 28, 1999) (Smith, M.J.).

[3] *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (finding that repleading would be futile) [citation omitted]; see also *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (affirming, in part, dismissal of claim with prejudice) [citation omitted].

ACCORDINGLY, it is

ORDERED that

1. Plaintiff Charmane Smith's application to proceed *in forma pauperis* (Dkt. No. 2) is DENIED;

2. This action is *sua sponte* DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and Fed. R. Civ. P. 12(h)(3), for the reasons set forth above in this Decision and Order; and

3. Pursuant to 28 U.S.C. § 1651(a), and Fed. R. Civ. P. 11, plaintiffs Smith and Schmidt are **BARRED** from (either individually or together) filing another action in this Court without either

(a) obtaining representation by counsel prior to filing; or

(b) requesting, and obtaining, an Order of a judicial officer of this Court approving (in advance) such a filing.

For purposes of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a), the Court certifies, in writing, that any appeal taken from the final judgment in this action would not be taken in good faith.

IT IS SO ORDERED.

*David N. Hurd*
United States District Judge

Dated: January 28, 2008
Utica, New York.